Date signed March 15, 2012



IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
at GREENBELT

| | | | |
|---|---|---|---|
| **In Re:** | * | | |
| | * | Case No. | 11-20773-TJC |
| **Douglas Neil Gottron** | * | Chapter | 13 |
|     **Debtor** | * | | |
| ************************************ | * | | |
| **Douglas Neil Gottron** | * | (Docket No. 40) | |
| | * | | |
|     **Movant** | * | | |
| vs. | * | | |
| | * | | |
| **OneWest Bank, FSB** | * | | |
|     **Respondent** | * | | |

### MEMORANDUM OF DECISION

This matter comes before the Court on the motion filed by Douglas Neil Gottron (the "Debtor") for valuation of collateral and to avoid security interest (the "Motion") and the opposition by respondent, OneWest Bank, FSB ("OneWest"). The issue presented is whether the Court can strip-down a lien on an investment property owned as tenants by the entirety when only one spouse is a debtor in bankruptcy. The Debtor asks the Court

to strip-down the lien as against both his and his non-debtor spouse's interest in the property; OneWest, the lienholder, argues such relief is not available under the Bankruptcy Code. The Court heard argument on the Motion on March 15, 2012. For the reasons stated herein, the Court agrees with OneWest and will deny the Motion.

*Findings of Fact*

The parties agree that the material facts are not in dispute as pertinent to this ruling. The Debtor filed a petition for relief under chapter 13 on May 22, 2011. He and his wife own real property located at 2209 NW High Lakes Loop, Bend, Oregon 97701 (the "Property"); their interests are held as tenants by the entirety. The Debtor's spouse has not filed for bankruptcy protection. The Property is an investment property and is not the Debtor's principal residence.

The Property secures a loan made jointly to the Debtor and his spouse. OneWest holds the note and deed of trust which was originated on August 15, 2007. The deed of trust was duly recorded in the land records of Deschutes County, Oregon. OneWest filed its proof of claim on July 12, 2011, listing a secured claim in the amount of $555,742.39 which includes pre-petition arrears of $116,092.91.

The Debtor contends the value of the Property is $376,000.00. OneWest contends the value of the Property is greater than $376,000, but concedes it is less than $555,742.39. The Debtor did not claim an exemption in the Property on his schedules.

*Conclusions of Law*

Section 506(a) bifurcates a claim that exceeds the value of the property that secures it into two claims: "a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property" and an "unsecured claim to the extent

that the value of such creditor's interest . . . is less than the amount of such allowed claim." 11 U.S.C. § 506(a).  In the Motion, the Debtor seeks to bifurcate OneWest's claim into a $376,000 secured claim, with the balance to be treated as a general unsecured claim under the plan.

A very similar issue was recently resolved by the United States District Court for the District of Maryland in *Alvarez v HSBC Bank USA, N.A*.  No. 8:11-cv-02886, 2011 WL 6941670, slip op. (D. Md.  2011).  There the court was faced with a request to strip-off a second deed of trust lien against a debtor's Maryland residence where only one co-tenant spouse was a debtor in bankruptcy.  It affirmed the bankruptcy court's ruling that property owned as tenants by the entirety is not subject to strip-off where the co-owner spouse is not a co-debtor.  In doing so, the court adopted the rationale of *Hunter v. Citifinancial, Inc., (In re Hunter)*, 284 B.R. 806 (Bankr. E.D. Va 2002).

The only differences between this case and *Alvarez* are (1) the Property is located in Oregon and therefore Oregon law applies to the nature of the tenancy by the entirety interest; and (2) the Property is held for investment and the Debtor seeks to strip-down the lien, while in Alvarez the debtor sought to strip-off a second lien on his principal residence.  With respect to the first point, the Debtor is content to rely on Maryland law and cites to no case law or other authority describing the nature of a tenancy by the entirety interest under Oregon law.  With respect to the second point, there is no material difference between a strip-off and a strip-down on the issue before the Court.  The Court, therefore, will follow *Alvarez*.

Moreover, the provision that effectuates §506(a) is §506(d).  It provides:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

> (1) such claim was disallowed only under section 502 (b)(5) or 502 (e) of this title; or
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506(d).  Section 506(d) voids the lien only to the extent it secures a "claim against the debtor."  It is worth stating what is otherwise obvious: the provision does not void the lien to the extent it "secures a claim against [a non-debtor]."

Here, the deed of trust secures the Debtor's and his spouse's obligations under the note.  Thus, by asking the Court to void the deed of trust lien against both his and his spouse's interest in the Property, the Debtor seeks to void the lien "[t]o the extent [it] secures a claim against the debtor [and a non-debtor]."  § 506(d).  As the court in *Alvarez* stated,

> If Appellants are correct [that the Court can avoid a lien against property held tenancy by the entirety where only one co-tenant spouse is a debtor in bankruptcy], not only would the debtor Husband end up with an ownership interest in a property no longer subject to the second lienholder's security interest, but the nondebtor spouse would also.

*Alvarez*, 2011 WL 6941670, at *2.  This relief is not available under §506(d).

The Debtor relies upon *Highland Federal Bank v. Maynard (In re Maynard)*, 264 B.R. 209 (B.A.P. 9th Cir. 2001) in support of his proposition that an undivided interest of a co-tenant in real property, held jointly by the debtor and spouse as community property, is property of the estate and that the creditor's lien in the property is subject to valuation and avoidance under § 506.  In *Maynard*, the debtor and spouse owned real property in California as community property.  The Bankruptcy Appellate Panel of the 9th Circuit concluded that because the entire property, and not just the debtor's interest, was included

in the estate pursuant to §541(a)(2),[1] the creditor's entire lien was subject to valuation and avoidance under § 506.

*Maynard* does not apply here. The term "community property" is not defined in the Code. It has been interpreted "as a term of art referring only to the means of holding marital property in those states that have adopted a community property system." 5 Collier on Bankruptcy ¶ 541.11 [1], p. 541-61, n. 2 (16th ed. 2011). "The ultimate characterization of property as either community or separate property is determined by applicable state law, and that determination establishes what interest, if any, the bankruptcy estate has in the property." *Anderson v. Conine (In re Robertson)*, 203 F.3d 855, 859 (5th Cir. 2000). California enacted a community property system. *See generally* Cal. Fam. Code §§ 900-1103. The legislative history of § 541(a)(2) details that it was intended to deal with the peculiarities of the community property systems enacted in certain states. H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 176 (1977).

The Property is located in Oregon. The Debtor does not contend that Oregon has adopted a community property system. Nor has Maryland adopted a community property system. Moreover, it is well established in the Fourth Circuit that only the debtor's interest in tenants by the entireties property becomes property of the estate, at least to the extent Maryland law applies. 11 U.S.C. 541(a)(1); *In re Ford,* 3 B.R. 559 (Bankr. D. Md. 1980) *aff'd sub nom. Greenblatt v. Ford,* 638 F.2d 14 (4th Cir. 1981); *In re Greathouse*,

---

[1] §541(a)(2) provides:
  (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held…
   (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—
     (A) under the sole, equal, or joint management and control of the debtor; or
     (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

295 B.R. 562, 564 (Bankr. D. Md. 2003). Therefore, the rationale of *Maynard* does not apply.

*Conclusion*

For the foregoing reasons the Court will deny the motion.

Copies to:

All Parties
All Counsel

**End of Memorandum**